09-2922-cv
Leftridge v.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2010

(Submitted: October 15, 2010        Decided: May 12, 2011)

Docket No. 09-2922-cv

_____

VERNON J. LEFTRIDGE, Jr.,

                                    Plaintiff-Appellant,

                    - v. -

CONNECTICUT STATE TROOPER OFFICER #1283, CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY, CONNECTICUT STATE
POLICE INTERNAL AFFAIRS UNIT, CONNECTICUT STATE
POLICE,

                                    Defendants-Appellees.

_____

Before: KEARSE, CALABRESI, and WESLEY, Circuit Judges.

        Appeal from an order of the United States District Court for the District of Connecticut, Vanessa L. Bryant, Judge, refusing to reopen an administratively closed action because of the pro se plaintiff's failure to retain counsel.

        Vacated and remanded.

                    VERNON J. LEFTRIDGE, Jr., Hartford, Connecticut,
                        Plaintiff-Appellant pro se.

                    RICHARD BLUMENTHAL, Attorney General of the
                        State of Connecticut, Hartford, Connecticut
                        (Maura Murphy Osborne, Assistant Attorney
                        General, Hartford, Connecticut, of
                        counsel), for Defendants-Appellees.

KEARSE, Circuit Judge:

Plaintiff pro se Vernon J. Leftridge, Jr., who commenced the present action pursuant to 42 U.S.C. § 1983 and state law against defendants Connecticut State Trooper #1283 ("Trooper 1283" or "the Trooper") and various agencies of the State of Connecticut (the "State"), appeals from a July 2, 2009 order of the United States District Court for the District of Connecticut, Vanessa L. Bryant, Judge, denying Leftridge's motion to reopen his case, which the court had administratively closed, because of Leftridge's failure to obtain counsel. The court, which in February 2009 had imposed a June 29, 2009 deadline for Leftridge to hire counsel, refused to grant an extension of that deadline and refused to reopen the case, stating that Leftridge failed to retain counsel or to establish that the retaining of counsel was imminent. On appeal, Leftridge contends principally that the district court's orders improperly denied him the right to prosecute his case pro se. For the reasons that follow, we agree, and we therefore vacate the July 2, 2009 order and remand for further proceedings.

I. BACKGROUND

Leftridge, an African-American, commenced the present action in July 2007, alleging that, while driving in Connecticut in October 2005, he had been stopped by Trooper 1283 and charged with a traffic violation. The complaint alleged that that charge

- 2 -

was false and that the Trooper's actions were motivated by Leftridge's race, in violation of, <u>inter alia</u>, the Fourteenth Amendment to the United States Constitution.

In August 2007, Leftridge moved for the appointment of counsel to represent him. The district court denied the motion, concluding that "the plaintiff's position does not seem likely to be of substance" and that "the legal issues are not complex and the plaintiff has demonstrated in his filings that he is able to investigate the facts of the case and present them to the Court." Order dated October 1, 2007.

Defendants moved to dismiss Leftridge's complaint on the grounds, <u>inter alia</u>, that they were entitled to Eleventh Amendment sovereign immunity and/or that the complaint failed to state a claim upon which relief could be granted. Before responding to the motion, Leftridge moved in May 2008 for reconsideration of the district court's denial of his motion for the appointment of counsel. He stated that he lacked knowledge of the law, was not experienced in or competent to understand the litigation process, and was stressed and frustrated with the case. The court denied reconsideration. <u>See</u> Order dated June 10, 2008. In July 2008, the district court granted defendants' motion to dismiss the complaint on Eleventh Amendment grounds insofar as it asserted claims against the State agencies, but denied the motion to dismiss insofar as the complaint asserted claims against Trooper 1283 in his individual capacity. <u>See</u> Order dated July 30, 2008.

Leftridge immediately renewed his motion for appointment of counsel. He stated that he was undergoing stress and that he was not competent to proceed because of his lack of experience and legal knowledge. The court denied the motion, stating that Leftridge "ha[d] not provided any basis upon which the Court should reconsider its previous orders." Order dated August 8, 2008. Leftridge, despite having indicated that he could not litigate his claims without the assistance of counsel, proceeded with the case pro se, making numerous motions with respect to, inter alia, discovery matters, his desire to amend the complaint, and a potential default judgment against the Trooper.

In February 2009, Leftridge again moved for the appointment of counsel, stating that he had an anxiety and stress disorder and that his doctor had advised that he should not be representing himself. The district court promptly denied the motion, stating that "the Court's earlier ruling . . . remains in effect," and directing Leftridge to follow instructions previously given by the court as to the time by which and the manner in which pretrial discovery was to be completed, so that motions for summary judgment could be filed. Order dated February 10, 2009. Leftridge then submitted a February 11, 2009 letter to the court from his psychologist, who stated in pertinent part as follows:

> . . . I have been treating [Vernon Leftridge] since October 2006. I have advised Mr. Leftridge on multiple occasions that his serving as his own attorney has been causing him inordinate anxiety and stress. Consequently, I have recommended to him that he pursue hiring an attorney. He has informed me that you need my verification of such, in order to

- 4 -

appoint him counsel or to grant him the time to seek legal counsel.

Following its receipt of this letter, the district court entered a further order stating as follows:

> The plaintiff filed an exhibit . . . in which his psychologist confirms that the plaintiff is experiencing anxiety and stress as a result of representing himself in this case. The Court has previously declined to appoint counsel for the plaintiff because his position does not seem likely to be of substance. That ruling remains in effect, but it does not prevent the plaintiff from hiring counsel on his own. If the plaintiff wishes to pursue this case, he may attempt to hire counsel by 6/29/09, and that attorney may then pursue the plaintiff's claims. Given the present circumstances, the case should be administratively closed without prejudice to reopening by an attorney for the plaintiff. . . . The Clerk is directed to administratively CLOSE this file.

Order dated February 13, 2009 ("February 13 Order") (emphases added). The February 13 Order also "terminated" other motions by Leftridge that had been pending. Id.

On June 22, 2009, as the June 29 court-imposed deadline for him to retain counsel approached, Leftridge moved for, inter alia, an extension of time in order to enable him to raise funds to be able to retain a (specified) attorney. The court "den[ied the] Motion for Extension of Time, as the plaintiff has failed to establish that an attorney is on the verge of filing an appearance for him." Order dated June 29, 2009 ("June 29 Order").

In the meantime, on June 25, 2009, Leftridge also filed a motion to reopen the case notwithstanding his not having retained counsel. He also indicated that he would continue to attempt to raise the money needed to retain counsel. The district court

- 5 -

denied the motion to reopen, stating that "the Court already ruled on the issue in [the June 29 Order denying an extension of time to obtain counsel]." Order dated July 2, 2009 ("July 2 Order").

Leftridge filed a notice of appeal, contending that the "judgment entered on July 2, 2009 den[ied him] the right to reopen his case as a pro se/plaintiff." He thereafter filed additional motions in the district court, again asking the district court to reopen his case or extend his time to retain an attorney. Those motions were denied on the ground that they provided no new information. See Order dated July 9, 2009; Order dated July 15, 2009 ("July 15 Order"). The latter order also noted that Leftridge had "already filed a notice of appeal as to the Court's decision not to reopen the case." July 15 Order.

## II.  DISCUSSION

On appeal, Leftridge argues principally that the district court abused its discretion by denying his motion to reopen his case to allow him to proceed pro se when he could not afford to retain an attorney. He also contends that the court abused its discretion in denying several of his other motions. Defendants, while noting that the district court did not enter a judgment in this case, urge us to affirm the closure of the case on the ground that it was properly dismissed for lack of prosecution or for failure to comply with court orders.

For the reasons that follow, we conclude that despite the lack of a "judgment," we have jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 1291; and we conclude that the district court's refusal to reopen the case because of Leftridge's failure to retain an attorney constituted an abuse of discretion.

A. Appellate Jurisdiction

Section 1291 of Title 28 provides, in pertinent part, that the federal courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. When a decision of the district court does not pertain to an interlocutory injunction, a receivership, or a case in admiralty, see id. § 1292(a), and is not an order that the district court has certified for a potential immediate appeal pursuant to 28 U.S.C. § 1292(b), this Court lacks jurisdiction to hear the appeal unless the decision is "final" within the meaning of § 1291.

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945) (emphasis ours); see, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). In determining whether a decision is "final" within the meaning of § 1291, we are to give that section a "practical rather than a technical construction," Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949); and a decision "by which a district court disassociates

itself from a case" is deemed to be final, Swint v. Chambers County Commission, 514 U.S. 35, 42 (1995); see, e.g., Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 n.6 (1978) ("courts of appeals must . . . determine whether the district court intended the judgment to represent the final decision in the case").

In the present case, it appears that the district court intended its July 2 Order, although not addressing the merits of the case or any issue in it, to be its final decision in Leftridge's case. As described in Part I above, the court in February 2009 had ordered that the case be "administratively closed"; that order closed the case only conditionally, as it was entered "without prejudice to reopening by an attorney for [Leftridge]" if Leftridge obtained counsel "by 6/29/09." February 13 Order. In its June 29 Order, however, the court refused to extend that deadline, and in its July 2 Order the court refused to reopen the case. Thus, the administrative closure of the case, conditional when first ordered in February, became unconditional. The district court, which thereafter referred to the July 2 Order as "the Court's decision not to reopen the case," July 15 Order, therefore appears to have intended its July 2 Order to be its final action in the case.

Even if that were not the court's intent, the July 2 Order plainly ended Leftridge's case in the district court as a practical matter. The court's June 29 Order had refused to give Leftridge additional time to retain counsel, thereby precluding him from having an attorney come in to represent him. When the

court also refused, in its July 2 Order, to reopen the case to allow Leftridge to pursue his case without an attorney, it ended his ability to pursue his case by any means.

Accordingly, we view the July 2 Order as a final decision within the meaning of § 1291. We cannot, as a matter of sound jurisprudence, conclude that an aggrieved party has no right to appellate review of a district court order that "administratively" unconditionally ends the case.

We turn, therefore, to the question of whether the district court's July 2 Order, refusing to reopen the case because Leftridge failed to retain counsel, constituted an abuse of discretion.

B. The Propriety of the Administrative Closure and Refusal To Reopen

"A district court . . . necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), or if "'its decision--though not necessarily the product of a legal error or a clearly erroneous factual finding--cannot be located within the range of permissible decisions,'" Slupinski v. First Unum Life Insurance Co., 554 F.3d 38, 47 (2d Cir. 2009) (quoting Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001)).

As a general matter of federal law, an individual proceeding in federal court has the right to present his case pro se: "In all courts of the United States the parties may plead and

- 9 -

conduct their own cases personally." 28 U.S.C. § 1654. See generally Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308-10 (2d Cir. 1991) (§ 1654 grants the right of self-representation to natural persons, not to corporations or other artificial entities). If an adult individual wishes to conduct his case pro se, an order requiring him instead to retain counsel to represent him violates § 1654. An order dismissing the action of such a pro se plaintiff for failure to retain counsel is a legal error and cannot be located within the range of permissible decisions. Accordingly, in the present case, the district court's July 2 Order refusing to reopen the case solely because Leftridge had not obtained counsel, thereby precluding him from pursuing his case pro se, constituted an abuse of discretion.

Defendants argue that the July 2 Order was essentially a dismissal of Leftridge's case "'[f]or failure of the plaintiff to prosecute or to comply with the[ Federal Rules of Civil Procedure] or any order of court.'" (Defendants' brief on appeal at 5 (quoting Fed. R. Civ. P. 41(b) (2006)).) They urge that the July 2 Order "be affirmed and [that] this case remain closed" (Defendants' brief on appeal at 8), stating principally that Leftridge did not begin discovery during the court-ordered time for discovery "from July 2008 to March 2009" (id. at 6; see id. at 6-7) and that the court "simply complied with plaintiff's request that he not be required to litigate this case without legal representation" (id. at 7). We are unpersuaded by these arguments and characterizations. The record does not indicate

that defendants ever moved pursuant to Rule 41(b) for an order of dismissal for failure to prosecute, or that the district court conducted the analysis that would have been required had defendants made such a motion, see generally Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001). Nor is it at all clear that, upon such an analysis, the record would have warranted dismissal. It does not appear that there was a failure to prosecute; indeed, defendants complain in their brief on appeal that they were required to respond to motion practice by Leftridge that was "voluminous" (Defendants' brief on appeal at 7). Nor do the district court docket entries support defendants' suggestion that Leftridge was derelict for failing to make any attempt to conduct discovery during the period July 2008 to March 2009. Those entries indicate, inter alia, that during the early part of that period Leftridge was attempting to have defendants produce videotapes of his traffic arrest--production that the district court had ordered but that was delayed by several defense motions for extensions of time that Leftridge opposed--and that in December 2008 Leftridge moved for permission to take the deposition of Trooper 1283. And, of course, the February 13 Order administratively closed the case nearly a month before the discovery period was scheduled to end.

Finally, we are not persuaded by defendants' argument that the court simply granted Leftridge's own wish to proceed only with the assistance of counsel. His repeated requests for appointment of counsel did not necessarily mean that Leftridge would choose

not to proceed _pro se_ if that choice would result in dismissal. He had in fact proceeded _pro se_ for some 18 months despite the denial of counsel and his complaints that he was not well equipped to proceed on his own. That said, we note that we are not inclined to view the district court's February 13 Order itself, which conditionally closed the case without prejudice to its reopening if Leftridge obtained counsel by June 29, as an abuse of discretion. That order was entered, without objection by Leftridge, only after Leftridge submitted the letter from his psychologist indicating that Leftridge's serving as his own attorney was detrimental to his health. Clearly the court did not abuse its discretion by giving Leftridge time to retain counsel, although it would have been preferable for the court to have said that the action was stayed, rather than closed; and the court should have specified that if Leftridge did not retain counsel (by such deadline as the court imposed) he nonetheless had the option of proceeding _pro se_. And once Leftridge was unable to retain counsel before the June 29 deadline and asked that the case be reopened in order to allow him to proceed _pro se_, he should have been allowed to proceed _pro se_. The inability of an individual litigant to obtain counsel is not a basis for denying him his statutory right to pursue his case _pro se_.

C. <u>Leftridge's Other Contentions</u>

Leftridge also contends, with little specificity, that the district court "abuse[d] its discretion when it denied several" of

his other motions. (Leftridge brief on appeal at 4.) To the extent that Leftridge means to challenge the district court's orders denying his repeated motions for the appointment of counsel, he provides no basis for overturning those orders. A party has no constitutionally guaranteed right to the assistance of counsel in a civil case. See, e.g., United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981), cert. denied, 456 U.S. 916 (1982). A district court's decision not to "request an attorney to represent" an indigent civil plaintiff pursuant to 28 U.S.C. § 1915(e)(1) is reviewable only for abuse of discretion. See, e.g., Pena v. Choo, 826 F.2d 168, 168 (2d Cir. 1987); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); Miller v. Pleasure, 296 F.2d 283, 284-85 (2d Cir. 1961), cert. denied, 370 U.S. 964 (1962). The court properly denies the plaintiff's motion for counsel if it concludes that his chances of success are highly dubious. See, e.g., Pena v. Choo, 826 F.2d at 169; Miller v. Pleasure, 296 F.2d at 285.

Here, in denying Leftridge's initial motion for appointment of counsel, the court stated, inter alia, that his case appeared to lack substance. In addressing several of Leftridge's renewed requests for counsel, the court again noted that Leftridge's case appeared to be weak and/or stated that Leftridge had not provided any new information to alter the court's initial assessment. In the circumstances, and on the record before us, we see no abuse of discretion in the district

- 13 -

court's denial of Leftridge's requests for the appointment of counsel.

To the extent that Leftridge seeks to challenge other rulings of the district court on such matters as his desire to amend his complaint or his requests relating to discovery, we decline to address those matters, which will more properly be dealt with on an appeal, if any, from a final judgment that in some manner resolves Leftridge's case on substantive or procedural grounds, rather than closing it administratively.

## CONCLUSION

We have considered all of defendants' arguments in support of the district court's refusal to reopen Leftridge's case and have found them to be without merit. For the reasons discussed above, the July 2, 2009 order is vacated, and the matter is remanded for proceedings not inconsistent with this opinion. Leftridge must be allowed, if he wishes, to pursue his action pro se. We of course express no view as to the merits of his claims.

No costs are awarded at this time. In the event that Leftridge ultimately prevails on the merits of any of his claims, the district court should award him the costs of the present appeal.