10-3941-cv
In re September 11 Property Damage

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**


**SUMMARY ORDER**


**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of August, two thousand twelve.


PRESENT:
          RALPH K. WINTER,
          CHESTER J. STRAUB,
          DENNY CHIN,
               Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - -x

          In re SEPTEMBER 11 PROPERTY
          DAMAGE AND BUSINESS LOSS
          LITIGATION

THE PORT AUTHORITY OF NEW YORK &
NEW JERSEY,
               Defendant-Third Party
               Plaintiff-Appellant,

          - v. -                                     10-3941-cv

CITIGROUP, INC., CITIGROUP GLOBAL MARKETS
HOLDINGS INC.,
               Defendants-Appellees,

          - v. -

GARY MICHAEL LOW, et al.,
                    Plaintiffs,

            – and –

AMERICAN AIRLINES, INCORPORATED, et al.,
                    Defendants,

            – and –

ELLEN MARIANI,
                    Claimant.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-THIRD PARTY       LEAH SEARS (Paul Andrew Scrudato,
PLAINTIFF-APPELLANT:            Beth D. Jacob, Donald Allen Klein,
                                on the brief), Schiff Hardin LLP,
                                Atlanta, Georgia, and New York, New
                                York.


FOR DEFENDANTS-APPELLEES:        CHRISTOPHER P. MOORE (Thomas J.
                                Moloney, on the brief), Cleary
                                Gottlieb Steen & Hamilton LLP, New
                                York, New York.


       Appeal from the United States District Court for the
Southern District of New York (Hellerstein, J.).

       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order and opinion of the district court is
**AFFIRMED**.

       Defendant-Third Party Plaintiff-Appellant the Port
Authority of New York and New Jersey (the "Port Authority")
appeals from the district court's order and opinion dated
September 1, 2010, granting summary judgment to Defendants-
Appellees Citigroup, Inc. and Citigroup Global Markets Holdings,
Inc. (together, "Citigroup") on the Port Authority's claims for

–2–

indemnification.[1]  We assume the parties' familiarity with the facts and procedural history of the case and the issues presented for review, which we summarize below.

In 1968, the Port Authority and Consolidated Edison Company of New York ("Con Ed") entered into a fifty-year lease for an electrical substation at the World Trade Center.  The lease reserved to the Port Authority the right to construct a building over the substation.  In 1980, the Port Authority entered into a lease agreement with what is now Silverstein Properties ("Silverstein") permitting Silverstein to construct an office building -- 7 World Trade Center ("7WTC") -- above the substation.  Once constructed, 7WTC was to be owned by the Port Authority and leased to Silverstein.

In 1988, Citigroup[2] agreed to lease portions of 7WTC from Silverstein, and it installed diesel emergency generators on the fifth floor, along with a fuel supply system connected to two 6,000-gallon fuel tanks under the loading dock of the building. In a separate agreement with the Port Authority (the "Consent

---

[1]    The district court did not enter a separate judgment dismissing the action.  When a judgment is required to be set out in a separate document but is not, judgment is deemed entered 150 days after the entry of the dispositive order.  Fed. R. Civ. P. 58(c)(2)(B).  Despite the lack of a judgment, this Court has jurisdiction to hear the appeal of the order, which was a "final decision" within the meaning of 28 U.S.C. § 1291.  See Leftridge v. Conn. State Trooper Officer No. 1283, 640 F.3d 62, 66-67 (2d Cir. 2011) (finding this Court has jurisdiction to review a "final decision" -- "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (internal quotation marks omitted)).

[2]    "Citigroup," in the context of lease negotiations, refers to both Citigroup and its predecessor, Salomon Inc.

-3-

Agreement"), Citigroup agreed to indemnify the Port Authority with respect to:

> (a) any and all claims (i) arising from (A) the operation, maintenance or management by [Citigroup] of the Demised Premises, or (B) any work or thing whatsoever done, or any condition created in or about the Demised Premises during the Term by [Citigroup] . . . and (b) all reasonable costs, expenses and liabilities incurred in or in connection with each such claim or proceeding brought thereon.

(A 932).

In 1999, the New York City Office of Emergency Management ("OEM") constructed an emergency command center on the twenty-third story of 7WTC. OEM installed a back-up generator system that utilized multiple diesel fuel tanks.

On September 11, 2001, terrorists attacked Towers One and Two of the World Trade Center. As the towers collapsed, debris fell on 7WTC, setting it on fire. Eventually, 7WTC collapsed as well.

A series of lawsuits followed. In Consolidated Edison Co. of New York, Inc. v. Port Authority ("Aegis I"), 02 Civ. 7188 (AKH) (S.D.N.Y.), Con Ed and, inter alia, its insurers, Aegis Insurance Services, Inc., asserted claims against the Port Authority, as owner of 7WTC, for the "negligent design, approval, inspection, installation, maintenance, operation, conduct and control of [7WTC] . . . and the diesel fuel tanks therein." Aegis I, 02 Civ. 7188 (AKH), Am. Compl. (Dec. 9, 2003), ECF No. 10, ¶ 35(a). The district court granted summary judgment to the Port Authority on Con Ed's breach of contract and negligence

-4-

claims.  This Court vacated the dismissal, <u>Aegis Ins. Servs.,</u> <u>Inc. v. Port Auth.</u>, 435 F. App'x 18 (2d Cir. 2011) (summary order), and the parties subsequently settled, <u>Aegis I</u>, 02 Civ. 7188 (AKH), Stipulation and Order of Dismissal (June 13, 2012), ECF No. 287, at 1–2.

In <u>Certain Underwriters at Lloyds, London v. Port Auth.</u> ("<u>Certain Underwriters</u>"), Citigroup's subrogated insurers sued the Port Authority for negligence with respect to the design, approval, inspection, installation, maintenance, operation, conduct, control, and location of diesel fuel tanks in 7WTC and with respect to inadequate fire proofing.  <u>Certain Underwriters</u>, 02 Civ. 7328 (AKH), Am. Compl. (Dec. 4, 2002), ECF No. 5.  The case settled.  <u>Certain Underwriters</u>, 02 Civ. 7328 (AKH), Stipulation and Order of Dismissal (July 9, 2008), ECF No. 42.

The Port Authority filed this case below, asserting claims against Citigroup for indemnification with respect to <u>Aegis I</u> and <u>Certain Underwriters</u> pursuant to the indemnification provision in the Consent Agreement.  The Port Authority and Citigroup cross-moved for summary judgment.  The district court denied the Port Authority's motion and granted Citigroup's, noting that the allegations in the <u>Aegis I</u> and <u>Certain</u> <u>Underwriters</u> complaints were not "sufficiently broad to implicate Citigroup's conduct," and holding that, in any event, the "indemnification obligations do not extend to claims regarding latent design defects in Citigroup's diesel fuel system and backup generator."  <u>In re Sept. 11 Litig.</u>, 734 F. Supp. 2d 542, 550 (S.D.N.Y. 2010).  The Port Authority now appeals.

We review a district court's grant of summary judgment de novo. Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).

We hold that the district court properly dismissed the Port Authority's claim against Citigroup for indemnification. The indemnification provision in the Consent Agreement required Citigroup to reimburse the Port Authority with respect to claims arising from "the operation, maintenance or management by [Citigroup] of the Demised Premises" or "any work or thing" done or "any condition" created "in or about the Demised Premises" by Citigroup. (See A 932). No such claims were asserted by the plaintiffs in either Aegis I or Certain Underwriters.

In the Notice of Claim submitted to the Port Authority before the commencement of Aegis I, the plaintiffs alleged that the negligent installation, construction, and maintenance of the OEM diesel fuel tanks caused the damage to the plaintiffs' clients' property. Aegis I, 21 MC 101 (AKH), Notice of Claim (Oct. 7, 2009), ECF No. 953, Exh. 16, ¶ 3 ("New York City . . . so negligently, recklessly and carelessly installed, located, constructed and maintained diesel fuel tanks located in [7WTC] as to cause the collapse of [7WTC] and damage property of claimants' insured."). Nowhere in the Aegis I notice of claim is there a reference to the Citigroup fuel tanks. Although the notice of claim includes general references to "the diesel fuel tanks" at 7WTC in its second paragraph, the next paragraph provides the specifics of the claim and it refers only to the New York City

-6-

tanks. Nor did the complaint and amended complaints in Aegis I reference the Citigroup fuel tanks. The complaints focused solely on the OEM tanks and "diesel fuel tanks," with no specific mention of Citigroup. See Aegis I, 02 Civ. 7188 (AKH), Second Am. Compl. (July 11, 2008), ECF No. 133, ¶¶ 12–15, 19–20, 35, 40–42; see also Aegis I, 02 Civ. 7188 (AKH), First Am. Compl. (Dec. 9, 2003), ECF No. 10.

Similarly, the notice of claim and complaints filed in Certain Underwriters did not allege that Citigroup was negligent.[3] See Certain Underwriters, 02 Civ. 7328 (AKH), Second Am. Compl. (Apr. 4, 2003), ECF No. 14 (referring only to the OEM tanks, "diesel fuel, stored in tanks that the Port Authority designed, and/or approved," and "all diesel fuel storage tanks" related to "all emergency standby generator systems installed and utilized within 7 WTC").

Neither Aegis I nor Certain Underwriters, therefore, triggered the indemnification provision, as the cases did not involve claims against the Port Authority arising from Citigroup's "operation, maintenance or management" of its diesel fuel tanks in 7WTC.

_____

[3] In fact, the plaintiffs in Certain Underwriters were Citigroup's subrogated insurers, suing the Port Authority for negligence related to the destruction of Citigroup's property and tenancy at 7WTC. See In re Sept. 11 Litig., 734 F. Supp. 2d at 548 ("Since Lloyds sued as subrogee of its insured, Citigroup, it did not allege that Citigroup was negligent or otherwise responsible for Tower 7's collapse."). Of course, they did not allege that Citigroup was negligent.

We have considered the Port Authority's remaining arguments and conclude that they are without merit.  Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK