10-4693-pr
Colon v. Goord

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
                    REENA RAGGI,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges.*

-----------------------------------------------------------------------
ARMANDO COLON,
                            *Plaintiff-Appellant,*

               v.                                                          No. 10-4693-pr

GLENN S. GOORD, COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; DONALD SELSKY, DIRECTOR OF SPECIAL HOUSING AND INMATE DISCIPLINE; JOHN BURGE, SUPERINTENDENT OF AUBURN CORRECTIONAL FACILITY; MARK BRADT, FORMER DEPUTY SUPERINTENDENT OF SECURITY AT AUBURN CORRECTIONAL FACILITY; JOHN ROURKE, CAPTAIN FOR SECURITY SERVICES AT AUBURN CORRECTIONAL FACILITY; CRAIG GUMMERSON, CAPTAIN FOR SECURITY SERVICES AT AUBURN CORRECTIONAL FACILITY; STEPHEN KOTT, CORRECTION COUNSELOR AT AUBURN

CORRECTIONAL FACILITY; LUCIEN LECLAIRE, DEPUTY COMMISSIONER OF CORRECTIONAL FACILITIES FOR NYSDOCS; HAROLD GRAHAM, SUPERINTENDENT OF AUBURN CORRECTIONAL FACILITY; JOSEPH F. BELLNIER, DEPUTY SUPERINTENDENT FOR SECURITY, AUBURN CORRECTIONAL FACILITY; S. WRIGHT, CORRECTION OFFICER AT AUBURN CORRECTIONAL FACILITY,

*Defendants-Appellees,*

RICHARD ROY, DEPUTY COMMISSIONER AND ACTING INSPECTOR GENERAL FOR NYSDOCS; THERESA KNAPP-DAVID, DIRECTOR OF CLASSIFICATION AND MOVEMENT; C. BARRETTE, SERGEANT AT AUBURN CORRECTIONAL FACILITY; JOSEPH GIANOTTA, SERGEANT AT AUBURN CORRECTIONAL FACILITY; NORMAN AUSTIN, CORRECTION OFFICER AT AUBURN CORRECTIONAL FACILITY; DROCZAK, CORRECTION OFFICER AT AUBURN CORRECTIONAL FACILITY; VINCE KONECNY, CORRECTION OFFICER AT AUBURN CORRECTIONAL FACILITY; P. DONNELLY, CORRECTION OFFICER AT AUBURN CORRECTIONAL FACILITY,

*Defendants.*[*]

-----------------------------------------------------------------------

FOR APPELLANT: Armando Colon, *pro se*, Wallkill, New York.

FOR APPELLEES: Barbara D. Underwood, Solicitor General, Kathleen M. Treasure, Denise A. Hartman, Assistant Solicitors General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, Charles B. Kornmann, *Judges*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 29, 2010, is AFFIRMED.

Armando Colon appeals pro se from a judgment entered after a jury verdict in favor of defendants on his Eighth Amendment claim of excessive force brought under 42 U.S.C. § 1983. Colon also appeals from an award of partial summary judgment in favor of defendants on his due process challenge to his continued placement in involuntary protective custody ("IPC"). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Due Process

We review an award of summary judgment de novo and will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine dispute of material fact and the moving party's entitlement to judgment as a matter of law. See Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012).

After an independent review of the record and relevant case law, we affirm the award of partial summary judgment in favor of defendants on Colon's due process claim for substantially the reasons stated by the district court in its well-reasoned and thorough decision and order. See Colon v. Goord, No. 9:05-cv-129, 2008 WL 783364 (N.D.N.Y. Mar. 20, 2008).

3

2.      Excessive Force

In challenging the judgment after trial on his excessive force claim, Colon submits that he was prejudiced by appearing in physical restraints before the jury.  A trial court has the discretion to order an inmate in a civil case to wear physical restraints if the court finds that necessary to maintain safety or security, the restraints themselves are no greater than necessary, and steps are taken to minimize prejudice from the presence of restraints.  See Hameed v. Mann, 57 F.3d 217, 222 (2d Cir. 1995).  Where, as here, the record shows that the district court followed the proper procedures in reaching its decision, we review its restraint decision only for abuse of discretion.  See id.  We find no such abuse here because the record, which indicates Colon's record for violent crime and history of escapes, supports the district court's restraint decision.  Colon does not assert that the restraining shackles or handcuffs were ever visible to the jury, and he acknowledges that he testified without handcuffs.

Insofar as Colon asserts that the district court should have ordered that corrections officers remove their bulletproof vests in the courtroom, no such request was made at trial and, thus, the issue is unpreserved for appellate review.  See Schnabel v. Trilegiant Corp., 697 F.3d 110, 130 (2d Cir. 2012).  To the extent Colon faults his pro bono counsel for failing to raise an objection either to the officers' vests or to his own restraints, that argument cannot secure relief from judgment.  See generally Leftridge v. Conn. State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to

4

the assistance of counsel in a civil case."). In any event, Colon's attorney did object to his client's restraints at the start of trial, and later acknowledged that the shackles were not visible to the jury.

We have considered Colon's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5