Kearney v. N.Y. DOCCS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of   April, two thousand fifteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **ROBERT D. SACK,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

**Richard Kearney,**

> *Plaintiff-Appellant*,

**v.**

**14-1765**

**Commissioner Brian Fischer, Joseph F. Haluska, Medical Director of Southport Correctional Facility, Superintendent Napoli, Southport Correctional Facility, M. Bridge, Deputy Superintendent for Administrative Services at Southport Correctional Facility, New York State Department of Correctional Services,**

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Richard Kearney, pro se, Stormville, N.Y. |
| **FOR DEFENDANTS-APPELLEES:** | Andrew B. Ayers, Laura Etlinger, Assistant Solicitors General (Barbara Underwood, Solicitor |

General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Richard Kearney, pro se, appeals from the district court's judgment, pursuant to a jury verdict, dismissing his deliberate indifference claim brought under 42 U.S.C. § 1983 and awarding nominal damages on his claim under the Americans with Disabilities Act ("ADA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Evidentiary Rulings**

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (internal quotation marks omitted). The evidentiary rulings challenged by Kearney do not constitute an abuse of discretion.

The court did not err in excluding Kearney's deposition testimony. Kearney was available to testify and did so, and no other circumstance justified his use of his own deposition testimony. *See* Fed. R. Civ. P. 32(a); *In re Sims*, 534 F.3d 117, 140−41 (2d Cir. 2008).

We similarly reject Kearney's argument that the district court erred in admitting Dr. Haluska's testimony, despite his lack of specialization in orthopedics. We note that although the jury was instructed on the appropriate treatment of expert testimony, Dr. Haluska was not explicitly admitted as an expert witness. Nevertheless, the bulk of his testimony was admissible as

lay testimony because it related to his personal experience reviewing Kearney's medical records. *See* Fed. R. Evid. 701; *see also Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004). Any error in admitting the balance of the testimony was harmless. *See Bank of China*, 359 F.3d at 183 (applying harmless error standard to improper admission of expert testimony).

We also find no abuse of discretion in the district court's remaining evidentiary rulings. Kearney presented no evidence that the relevant video or audio recordings he sought to admit actually existed. In addition, the district court did not abuse its discretion in proceeding without the testimony of Dr. Schwab, as the subpoena power is generally unavailable to compel the attendance of unretained experts. Fed. R. Civ. P. 45(d)(3)(B)(ii).

## II. Verdict Form

We review decisions as to the format and language of the verdict form for abuse of discretion. *Lore v. City of Syracuse*, 670 F.3d 127, 159−60 (2d Cir. 2012). The district court does not abuse its discretion where "the verdict form, when read in conjunction with the instructions to the jury, clearly presents the material factual issues raised by the pleadings and evidence." *Id.* at 160. An objection to the verdict form not raised at trial is waived unless the error is fundamental, or "so serious and flagrant that it goes to the very integrity of the trial." *Id.* (internal quotation marks omitted).

Kearney waived his objections to the verdict form by failing to raise them at trial. In any event, the court did not abuse its discretion by not describing Kearney's precise theory of his claims. The jury charge, which must be read in conjunction with the verdict sheet, *see id.*, included descriptions of his claims.

3

**III. Sufficiency of the Evidence**

"[A] party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). However, we will reach the waived issue if to ignore it would result in manifest injustice. *Id.* We rarely disturb the credibility determinations made by the jury during trial. *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992).

Kearney did not move for judgment as a matter of law, and no manifest injustice would result from declining to reach his sufficiency arguments on appeal. To prevail on his deliberate indifference claim, he had to prove by a preponderance of the evidence that he had a serious injury and that Dr. Haluska knew of and disregarded an excessive risk to his health or safety. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). Based on the evidence presented at trial, the jury reasonably could have found that Dr. Haluska did not recklessly disregard Kearney's medical needs. We also conclude that the evidence at trial sufficiently supports the damages awarded to Kearney for the ADA violation. Based on the evidence presented at trial, the jury could have reasonably concluded that Kearney had not suffered actual injury and only nominal damages were appropriate. *See Amato v. City of Saratoga Springs*, 170 F.3d 311, 317 (2d Cir. 1999).

**IV. Judgment as a Matter of Law**

"We review *de novo* a district court's decision to grant a Rule 50 motion for judgment as a matter of law." *Cash v. Cnty. of Erie*, 654 F.3d 324, 332 (2d Cir. 2011). A court may grant a Rule 50 motion only if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on

that issue." Fed. R. Civ. P. 50(a)(1). To the extent Kearney challenges the district court's grant of judgment as a matter of law on his deliberate indifference claim in favor of Fischer, Napoli, and Bridge, we find no error. Kearney did not present evidence at trial to show these defendants "knew of and disregarded [his] serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

## V. Appointment of Substitute Counsel

A district court's decision denying a motion to appoint counsel is reviewed for abuse of discretion. *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Factors to consider in determining whether to appoint counsel in a civil case include: (1) the nature of the factual issues involved; (2) the importance of credibility determinations; (3) the plaintiff's apparent ability to present the case; and (4) the complexity of the legal issues involved. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

Here, the *Hodge* factors do not strongly favor the appointment of counsel. Nonetheless, it is troubling that Kearney's difficulties communicating with counsel appear to have been, at least partially, a result of his incarceration. However, Kearney never disputed that he chose not to take counsel's call, and he gives no explanation for his failure to contact counsel and explain why he was unable to receive the call. Given these considerations and the fact that the *Hodge* factors do not overwhelmingly support appointment of counsel, the district court did not abuse its discretion in relieving counsel and refusing to appoint new representation.

We have considered Kearney's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk