14-1069-cv
Oliphant v. Villano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
    CHESTER J. STRAUB,
    REENA RAGGI,
    RICHARD C. WESLEY,
        *Circuit Judges.*
_____

ANTHONY WAYNE OLIPHANT,

        *Plaintiff-Appellant*,

        v.                                                    14-1069-cv

ROBERT VILLANO, ET AL.,

        *Defendants-Appellees*.
_____

APPEARING FOR APPELLANT:        Anthony W. Oliphant, *pro se*, Hartford, Connecticut.

APPEARING FOR APPELLEES:        Scott M. Karsten (Kateryna Lagun, *on the brief*), Karsten & Tallberg, LLC, West Hartford, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Shira A. Scheindlin, *Judge*, sitting by designation).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 12, 2014, is AFFIRMED.

Appellant Anthony Wayne Oliphant, proceeding pro se, appeals from a judgment entered after trial in favor of defendants on claims of excessive force and intentional infliction of emotional distress in arrest. We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to affirm.[1]

1.      Ineffective Representation by Pro Bono Counsel

Oliphant first argues that he was denied a fair trial by pro bono counsel's deficient performance and by the district court's refusal to substitute new counsel.    At the outset, we note that the Sixth Amendment right to counsel does not apply in this civil case.    See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981).    Thus, we review a decision regarding appointment or removal of counsel for abuse of discretion, which is lacking here.    See Leftridge v. Connecticut State Trooper Office No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).    In urging otherwise, Oliphant notes that in a March 20, 2012 letter attached to his notice of appeal, he advised the district court of his dissatisfaction with pro bono counsel's performance and requested the appointment of new counsel.    There is no

---

[1] The jury returned a verdict in favor of Oliphant on his assault claim against Officer Robert Villano, awarding nominal damages of $1.00.    Because Villano voluntarily withdrew his cross-appeal, docketed under 14-1077, we do not discuss it here.

indication in the record, however, that the district court ever received this letter. Nor does Oliphant identify anything in the record indicating that he pursued this request for new pro bono counsel before the district court. Instead, he appears to have continued to be represented by his first pro bono counsel without further objection for the next two years through trial and entry of judgment. In these circumstances, we deem Oliphant to have abandoned his request for new counsel, thereby forfeiting his appellate challenge to the failure to reassign. See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (concluding that plaintiff who proceeded pro se before district court forfeited argument not raised below).

In any event, we identify no error, let alone plain error, because the record manifests pro bono counsel's zealous representation before and during trial. Indeed, the jury found in Oliphant's favor on his assault claim against Officer Villano. As for Oliphant's particular challenge to counsel's inquiries about his criminal convictions on direct examination, that argument fails on the merits as such inquiries are widely accepted trial strategy to defuse anticipated cross-examination on the subject. See United States v. Aloi, 511 F.2d 585, 591 (2d Cir. 1975).

2.  Jury Selection

Oliphant next argues that jury selection in his case did not comply with the Jury Selection and Service Act ("JSSA"), thereby resulting in an unrepresentative jury. See 28 U.S.C. §§ 1861, 1863 (requiring district plan to ensure juries "selected at random from a fair cross section of the community in the district"). Oliphant waived this challenge

3

by failing to raise it as provided in § 1867(c). See id. § 1867(e) ("The procedures prescribed by this section shall be the exclusive means by which a . . . party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title."); United States v. Young, 822 F.2d 1234, 1239 (2d Cir. 1987) (concluding that defendants' failure to timely object under JSSA "bar[red] them from statutory relief"). To the extent Oliphant faults pro bono counsel for failing to file a § 1867(c) motion, we have already explained that ineffective assistance claims are not cognizable in a civil case. Even if we were to consider Oliphant's claim, his conclusory allegation that "minorities, paupers or individuals who do not own their own homes, including youth" were under-represented in the jury pool, Appellant Br. 3, is insufficient to assert a "substantial failure" to comply with the JSSA. See United States v. Miller, 116 F.3d 641, 657 (2d Cir. 1997) (stating that party asserting group under-representation in jury pool "must show not only that the representation of a distinctive group in the community is not fair and reasonable in relation to the number of such persons in the community, but also that underrepresentation is the result of systematic exclusion").

3.    District Court Actions

Oliphant asserts that comments made by the district court denied him a fair trial. This argument fails because, on an examination of the entire record, we identify no improper remarks, and certainly no remarks expressing an opinion before the jury on an ultimate issue of fact. See Shah v. Pan Am. World Servs., 148 F.3d 84, 98 (2d Cir. 1998).

4

Oliphant also faults the district court for not instructing the jury on Conn. Gen. Stat. § 54-1f, which provides, inter alia, that a police officer may make a warrantless arrest within his "respective precinct[]" based on probable cause. See Conn. Gen. Stat. § 54-1f(a). Oliphant argues that an instruction was warranted because the defendants arrested him outside of their respective precincts at a time when § 54-1f did not allow for "interjurisdictional arrests." Appellant Br. 3. Because Oliphant neither requested such an instruction nor objected to the district court's instructions, this argument is waived. See Fed. R. Civ. P. 51(d)(1); Morse v. Fusto, 804 F.3d 538, 552 (2d Cir. 2015) (explaining that, under Fed. R. Civ. P. 51, failure to object to jury instruction results in "waiver of that objection"). In any event, Oliphant cannot demonstrate that the failure to give a § 54-1f instruction affected substantial rights because the propriety of his arrest was distinct from his claims of excessive force, assault, and intentional infliction of emotional distress. See Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.").

We have considered Oliphant's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5