15-1434-cv
*Volat v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ERIC VOLAT,

          *Plaintiff-Appellant*,

          v.                                          15-1434-cv

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, ANGELA CAMIOLO,
in her official and individual capacity,

          *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        MICHAEL J. WILLEMIN, David E. Gottlieb,
                                Wigdor LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:      CECELIA CHANG, Damion K. L. Stodola, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order of the district court is **AFFIRMED**.

Plaintiff-appellant Eric Volat appeals an April 17, 2015 memorandum and order of the United States District Court for the Southern District of New York granting defendants-appellees' motion for summary judgment dismissing Volat's discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12203, and declining to exercise supplemental jurisdiction over his New York City Human Rights Law ("NYCHRL") claims.[1]  The district court concluded that Volat failed to present evidence from which a reasonable trier of fact could find that defendants' legitimate, nondiscriminatory reason for denying him tenure -- his performance -- was pretext for discrimination or retaliation.  We assume the parties'

---

[1]  The district court did not enter a separate judgment dismissing the action as required by Fed. R. Civ. P. 58(a).  When a judgment is required to be set out in a separate document but is not, judgment is deemed entered 150 days after the entry of the dispositive order.  Fed. R. Civ. P. 58(c)(2)(B).  Despite the lack of a judgment, this Court has jurisdiction to hear the appeal of the order, which was a "final decision" within the meaning of 28 U.S.C. § 1291.  *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011) (finding this Court has jurisdiction to review a "final decision" -- "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))).

familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the district court's grant of summary judgment *de novo*, with the view that "[s]ummary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 192 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "There is no 'genuine' dispute when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Upon review, we conclude that the district court correctly granted defendants' motion for summary judgment and affirm for substantially the reasons stated by the district court. We add only the following.

First, Volat has identified no evidence in the record that would permit a jury to find that his disability -- his HIV positive status -- was a motivating factor in Principal Camiolo's recommendation to deny tenure. Accordingly, his discrimination claim under the ADA was properly dismissed.

Second, as for his retaliation claim, Volat points to the temporal proximity between his complaint of discrimination and a number of disciplinary actions and the effort on the part of Camiolo to create a paper trail. The record, however, contains indisputable evidence of performance issues arising before Volat made his complaint, including a matter requiring discipline and issues warranting counseling and support.

Additionally, many of Volat's performance issues were observed by other individuals who were not named as defendants in this action, including Vice Principal Forschein, other Department of Education employees, students, and parents. While Volat contested a number of factual matters, such as precisely what happened during the water fountain incident, he also admitted that he (1) was struggling with teaching first grade, (2) challenged Camiolo's leadership in front of parents at a back to school night presentation, (3) told a crying first grader that he "better get up off the floor or somebody's going to touch your pencil case," and (4) called his principal a "joke" to her face. J. App. at 256, 289, 437. Taking the record as a whole, we conclude that a reasonable jury could not have found in favor of Volat on his retaliation claim. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) ("[P]laintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not [retaliation] was the real reason for the employment action." (alterations and internal quotation marks omitted)). Accordingly, the district court did not err by granting summary judgment dismissing this claim.

We have reviewed Volat's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the memorandum and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -