20-756-cv
*McCalla v. Liberty Life Assurance Company, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RACHEL P. KOVNER,
> > *District Judge.*\*

_____

HENSLEY K. MCCALLA,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                              No. 20-756-cv

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

> *Defendant-Counter-Claimant-Appellee,*

LINCOLN FINANCIAL GROUP,

> *Defendant-Appellee.*

_____

\* Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:            Michael Confusione, Hegge &
                                    Confusione, LLC, Mullica Hill, NJ.

FOR DEFENDANTS-APPELLEES:           Byrne J. Decker, Ogletree, Deakins, Nash,
                                    Smoak & Stewart, P.C., Portland, ME.

Appeal from an order of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on February 6, 2020, is **AFFIRMED**.

This appeal arises from an attempt to enforce a settlement agreement entered into by the parties. Plaintiff-Appellant Hensley K. McCalla ("McCalla") argues (1) that the District Court lacked jurisdiction over the motion to enforce the settlement filed by Defendants-Appellees Liberty Mutual Life Assurance Corp. and Lincoln Financial Group, and (2) that, even if the District Court had jurisdiction, it erred by granting that motion. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's legal determination regarding its own subject matter jurisdiction." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).[1] We also review *de novo* a district court's legal conclusions regarding the "interpretation of the terms of a settlement agreement and its interpretation of state law." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). We evaluate "a district court's factual conclusions related to a settlement agreement, such as whether an agreement exists or whether a party assented to the agreement," for clear error. *Id.*

As to the District Court's jurisdiction over the motion for settlement, McCalla argues that the District Court surrendered jurisdiction over the case when, in September 2018, it entered a text order granting the parties' "motion to continue" in light of the pending

---

[1] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

settlement "to the extent that this case is closed with leave to reopen on ten (10) days notice by no later than 10/26/2018." App'x 5. He contends on this basis that the court had no jurisdiction to grant the motion to enforce the settlement.

No order terminating the case or judgment of dismissal was entered on October 26, 2018, however, or at any time before Defendants' motion to enforce the settlement was filed on December 21, 2018. Indeed, on November 1 the court docketed a "Motion to withdraw as attorney to stay proceedings and to file supporting affidavit under seal" filed by McCalla's counsel, Louis Simonetti. On December 3, the District Court denied Simonetti's motion to withdraw. On December 21, it docketed Liberty Life's motion to enforce the settlement. And, in contrast, on July 25, 2019, when the District Court ordered the first case consolidated with the second case filed by McCalla and removed by Liberty, the second case docket was marked "Civil Case Terminated"—an entry that the docket for the first case did not show until the motion to enforce the settlement was granted and the case was dismissed on February 6, 2020. The docket of McCalla's first action also reflects that the Clerk was then directed, and not before, to "mark this case closed." App'x 7. Similarly, in February 2020, upon dismissal of the consolidated cases and in conjunction with the entry of the Court's order "dismissing case," the Court entered a notice reading "Civil Case Terminated." *Id.* It was on the basis of that order and termination that the notice of appeal was filed.

In these circumstances, we conclude that the District Court did not dismiss the first *McCalla* case in either September or October 2018. *Cf. Leftridge v. Connecticut State Trooper Officer #1283*, 640 F.3d 62 (2d Cir. 2011). Accordingly, these proceedings to enforce a settlement are not subject to the rule articulated in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), that a court's written judgment must expressly retain jurisdiction over settlement enforcement to support its consideration of a post-dismissal motion to enforce. The District Court here therefore had jurisdiction to grant the motion to enforce the settlement that was filed in the first action in December 2018. And, to the extent that any jurisdictional ambiguity lingers, the parties' diversity and the amount in controversy further support the court's exercise of jurisdiction in its decision on the motion. *See NCI Int'l, Inc. v. Mustafa*, 613 Fed. App'x 84 (2d Cir. 2015).

3

Next, for substantially the reasons stated in the District Court's memorandum and order, we also conclude that the settlement agreement between the parties was enforceable under both New York and federal law. Email exchanges between counsel for the parties demonstrate that McCalla's former attorney had authority to settle McCalla's claims. *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007); *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 548 (2d Cir. 1998) ("[P]reliminary agreements can create binding obligations."). The District Court's factual findings, which we reverse only for clear error, demonstrated to this Court as well that the parties' settlement agreement is binding. *See Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). Like the District Court, we are particularly persuaded by the record's reflection that McCalla did not contest any of the settlement's terms other than the amount, an amount to which the documents indisputably show that counsel for both parties agreed.

McCalla argues that we should reverse the District Court's order because it ruled without conducting an evidentiary hearing on the question whether McCalla authorized his attorney to settle his claims. He did not make this argument, however, during the proceedings before the District Court. We therefore treat it as waived. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

\* \* \*

We have considered all of the arguments raised by McCalla on appeal and find in them no basis for reversal. For the reasons stated above, the District Court's order is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4