15-475-cv
Azkour v. Little Rest Twelve, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
    REENA RAGGI,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

-----------------------------------------------------------

HICHAM AZKOUR,
        *Plaintiff-Appellant*,

    v.                                                No. 15-475-cv

LITTLE REST TWELVE, INC.,
        *Defendant-Appellee*.

-----------------------------------------------------------

APPEARING FOR APPELLANT:        HICHAM AZKOUR, *pro se*, New York, New York.

APPEARING FOR APPELLEE:        ANDREW SAL HOFFMANN, Hoffmann & Associates, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*; Kevin Nathaniel Fox, *Magistrate Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 17, 2015, is AFFIRMED.

Plaintiff Hicham Azkour, proceeding pro se, appeals from a judgment entered after trial, awarding Azkour $20,128.32 on his Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims against his former employer.  On appeal, Azkour argues that the district court erred in (1) denying summary judgment as to damages; (2) denying post-trial motions for judgment in his favor as a matter of law, see Fed. R. Civ. P. 50, or, alternatively, for a new trial, see Fed. R. Civ. P. 59; and (3) failing to appoint pro bono counsel.   We assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.    Summary Judgment

At the same time the district court granted Azkour summary judgment as to defendant's liability under the FLSA and NYLL, it denied him summary judgment on damages for his retaliation claim.   See 29 U.S.C. § 216(b) (providing that employer who engages in retaliation under FLSA shall be liable for "legal or equitable relief as may be appropriate," including, inter alia, "payment of wages lost").   Azkour argues that the district court erred in identifying his mental illness as a disputed issue of fact material to assessing damages.   See generally Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 31 (2d Cir. 1997) (explaining that back pay remedy in discriminatory discharge case is intended to compensate plaintiff "only for losses suffered as a result of defendant's discrimination, and does not extend to granting back pay for a period when a plaintiff would have been unable,

2

due to an intervening disability, to continue employment" (internal quotation marks and alterations omitted)).[1]

Azkour's argument fails because we generally will not review "an order denying summary judgment after a full trial on the merits." Ortiz v. Jordan, 562 U.S. 180, 183–84 (2011) (explaining that once case proceeds to trial "full record developed in court supersedes the record existing at the time of the summary-judgment motion"); accord Village of Freeport v. Barrella, 814 F.3d 594, 601 n.10 (2d Cir. 2016). Although an exception applies "where the district court's error was purely one of law," Stampf v. Long Island R.R., 761 F.3d 192, 201 n.2 (2d Cir. 2014) (quoting Schaefer v. State Ins. Fund, 207 F.3d 139, 142 (2d Cir. 2000) (internal quotation marks omitted)), Azkour's challenge to the district court's identification of issues of material fact is inherently fact-based. To the extent Azkour challenges the admissibility of Little Rest's evidence on summary judgment and, thus, raises a pure question of law, those arguments are better addressed in the context of Azkour's post-trial motions. See Village of Freeport v. Barrella, 814 F.3d at 601 n.10 (considering legal challenge to summary judgment denial in context of motion for judgment as a matter of law). Accordingly, Azkour "is precluded from appealing from the

_____

[1] Although Azkour challenges the district court's conclusion that by September 7, 2011, his mental illness was so severe that no reasonable factfinder could find defendant liable for his unemployment after that date, we need not address that point because the district court subsequently granted reconsideration of that issue and, at trial, instructed the jury to determine how many weeks of Azkour's unemployment from February 14, 2010, to the date of trial, were proximately caused by defendant.

3

denial of [his] summary judgment motion and motion for reconsideration" of that denial. Stampf v. Long Island R.R., 761 F.3d at 201 n.2.

2.      Judgment as a Matter of Law

We review de novo the denial of a motion for judgment as a matter of law, applying the same standard as the district court pursuant to Fed. R. Civ. P. 50(a)(1).  See Morse v. Fusto, 804 F.3d 538, 546 (2d Cir. 2015).  Where, as here, a movant seeks a judgment contrary to a jury verdict, he carries the "particularly heavy" burden, Cross v. New York City Transit Auth., 417 F.3d 241, 248 (2d Cir. 2005), of showing either "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," or evidence in his favor that is "so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it," Morse v. Fusto, 804 F.3d at 546 (internal quotation marks omitted).

After an independent review of the record, we conclude, as the district court did, that Azkour was not entitled to judgment as a matter of law.[2]   Specifically, trial evidence indicating that Azkour either (a) failed to make reasonable efforts at re-employment, or (b) became disabled from employment, was sufficient to allow the jury reasonably to conclude that defendant's retaliatory discharge was the cause of 12 weeks of Azkour's unemployment, not 231 weeks.   See Broadnax v. City of New Haven, 415 F.3d 265, 268

---

[2] Because Azkour does not here challenge the district court's grant of defendant's motion for judgment as a matter of law on punitive damages, we need not consider the propriety of that ruling.

(2d Cir. 2005); Thornley v. Penton Publ'g, Inc., 104 F.3d at 31.   Accordingly, Azkour was not entitled to any different judgment as a matter of law.

3.      New Trial

We review Azkour's challenge to denial of a new trial only for abuse of discretion, see Harris v. O'Hare, 770 F.3d 224, 231 (2d Cir. 2014), which we do not identify here.

The challenged exclusion of administrative decisions from the New York State Office of Temporary and Disability Assistance was not "clearly prejudicial to the outcome of the trial," in light of a trial record that included Azkour's own repeated admissions that a serious mental impairment prevented him from working or prosecuting his civil case. Village of Freeport v. Barrella, 814 F.3d at 610–11 (explaining that evidentiary ruling warrants new trial only if (1) district court error was clear abuse of discretion, and (2) evidence in light of record as whole manifests clear prejudice to outcome of trial).[3]   This conclusion is only reinforced by evidence that, if not mentally ill, Azkour failed reasonably to mitigate his damages by seeking other employment.

Nor did the district court abuse its discretion in excluding (1) evidence of Azkour's receipt of unemployment benefits, or (2) Azkour's declaration explaining that his receipt of such benefits was conditioned on his active search for employment.   The former consisted of unauthenticated records, see Fed. R. Evid. 901, 902, and the latter was hearsay when

---

[3] Contrary to Azkour's arguments before the district court and on appeal, his admissions, offered by defendants, were properly admitted pursuant to Fed. R. Evid. 801(d)(2).

5

offered by Azkour, see Fed. R. Evid. 801(a), (c); United States v. Coplan, 703 F.3d 46, 84 (2d Cir. 2012).

As for denial of Azkour's request to appoint a medical expert, that decision is committed to the sound discretion of the district court. See Fed. R. Evid. 706; Scott v. Spanjer Bros., Inc., 298 F.2d 928, 930–31 (2d Cir. 1962) (explaining that appointment of expert is matter committed to "sound discretion" of district court). We identify no abuse of discretion in the district court's conclusion that the trial issues did not require expert testimony and that Azkour was free to testify himself to matters at issue, which he chose not to do.

As for Azkour's remaining challenges to the denial of a new trial, we conclude, for substantially the reasons stated by the district court in its thorough February 11, 2015 decision, that they are meritless.

4.    Appointment of *Pro Bono* Counsel

The record belies Azkour's contention the district court improperly denied him pro bono counsel. Indeed, the district court granted Azkour's request for pro bono counsel after the withdrawal of his hired attorney, but explained that, in a civil case, the court has no authority to "'appoint' counsel, but instead, may only 'request' that an attorney volunteer to represent a litigant." Pl. App'x 74 (quoting Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–10 (1989)). Thus, counsel's ultimate decision to decline the case manifests no error by the district court. See Leftridge v. Conn. State Trooper Office No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).

6

5.      Conclusion

   We have considered all of Azkour's arguments and conclude that they are without

merit.   Accordingly, we AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court